UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY L. GOULD, JR., :
:
        Petitioner :
    vs. : CIVIL NO. 1:CV-08-1381
:
: (Judge Caldwell)
SUPER BRONE, et al., :
:
        Respondents. :

*M E M O R A N D U M*

*I.    Introduction*

        Petitioner Gregory L. Gould, an inmate at SCI - Forest, has filed a petition for a writ of habeas corpus (doc. 1) pursuant to 28 U.S.C. § 2254. Gould's petition raises six grounds for relief: (1) sufficiency of the criminal information; (2) improper jury instructions; (3) relitigating evidence; (4) double jeopardy; (5) selective prosecution; and (6) denial of right to counsel on appeal. After a careful review of Gould's claims, we will dismiss his habeas petition.

*II.    Background[1]*

        Following a York County jury trial in May of 2000, the Petitioner was convicted of two counts of robbery and one count of conspiracy to commit robbery. The

---

[1] The factual and procedural background come from the opinions of the Superior Court of Pennsylvania.

evidence admitted at trial indicated that two men wearing nylon stockings over their heads, one of them being the Petitioner, robbed a Crown service station at approximately 1:00 a.m. on August 24, 1999. The men entered the store and demanded money from the clerk, Ernest Spayd. After taking money from the cash register and safe, the men fled the scene. All during the robbery, the service station's security company was monitoring the situation via closed-circuit television. The security company notified the police and at approximately 1:10 a.m., Officer Russell Tschopp proceeded to the Crown station. While searching for a vehicle reported in the area, he observed a car moving towards him at a low rate of speed with its headlights off. Officer Tschopp maneuvered his patrol car across the vehicle's lane of travel. As he moved his patrol car, the headlights illuminated the interior of the vehicle and Officer Tschopp was able to identify a white female driver and a black male passenger.

As Officer Tschopp was communicating with York County dispatch, the suspect's vehicle backed up and pulled around the patrol car in the opposite lane of travel. As the vehicle drove past the officer, he observed a second black male lying on the floor in the back of the vehicle with a jacket pulled over his face. As the car passed, Officer Tschopp instructed the driver to pull over. At that time, the front passenger opened fire with a handgun, striking Officer Tschopp in his chest and right arm. Tschopp returned fire using his unwounded arm, blowing out the rear window of the vehicle.

Officer Steven Butler intercepted and pursued the vehicle. After pursuit, the vehicle stopped and Officer Butler observed two black males exit the car and flee the

scene. Two nylon stockings and a spent .380 caliber shell casing were recovered from the vehicle.

On appeal, the Superior Court of Pennsylvania vacated the judgement and remanded for a new trial. The Superior Court determined that the Petitioner's waiver of his right to counsel was invalid due to the trial court's inadequate waiver colloquy.

In January of 2002, a second jury trial was held. The Petitioner waived his right to counsel. He was again found guilty of two counts of robbery and one count of criminal conspiracy to commit robbery. He was sentenced to an aggregate term of imprisonment of 19 to 40 years. His conviction was upheld by the Superior Court on direct review and he was denied relief through Pennsylvania's Post-Conviction Relief Act. He then filed the pending petition for habeas corpus.

III. *Discussion*

*A. Timeliness & Exhaustion*

A habeas claim filed in federal court by a state prisoner must be timely, and the prisoner must exhaust every avenue of state review. A state prisoner must file the habeas petition within one year of the date of the state court's final judgment. 28 U.S.C. § 2244(d)(1)(A). Section 2254(b) also requires that the prisoner exhaust state court remedies by presenting each claim in at least one round of state appellate review. *Carey v. Saffold*, 536 U.S. 214, 219 (2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Respondents argue that Gould has not properly exhausted all of his claims. (doc. 11). Upon of review of the record, we disagree and will consider each of the grounds raised in his habeas petition.

B. *Standard of Review*

28 U.S.C. § 2254(a) authorizes a federal court to consider a petition for a writ of habeas corpus filed by a state prisoner in custody claiming that his detention violates the Constitution, laws or treaties of the United States. A federal court may not grant the petition unless it determines that the state court proceedings

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court judgment is "contrary to" federal law when it is "diametrically different, opposite in character or nature, or mutually opposed" to "clearly established" decisions of the United States Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495 (2000). This may occur if "the state court ignores or misapprehends clear precedent or it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Wilkerson v. Klem*, 412 F.3d 449, 452 (3d Cir. 2005) (quoting *Williams*, 529 U.S. at 406). Alternatively, a state court judgment is an

"unreasonable application" of federal law if it chose the correct rule of law based on the facts, but applied the rule in an "objectively unreasonable way." *Id.* "A court that unreasonably extends an established rule to a new context where it should not apply or...unreasonably fails to extend such a rule to a new context where it should apply" may have unreasonably applied the correct rule of law. *Id.* (citing *Williams*).

The Third Circuit has set forth a two-step process for reviewing a § 2254 petition. First, we identify the applicable Supreme Court precedent. *Outten v. Kearney*, 464 F.3d 401, 413 (3d Cir. 2006). The petitioner must show that Supreme Court precedent requires the opposite result, not merely that his interpretation is more plausible than that of the state court. *Id.* Second, we objectively evaluate whether the state court decision was an unreasonable application of Supreme Court precedent. *Id.* at 414 (citing *Werts v. Vaughn*, 228 F.3d 178 (3d Cir. 2000)). We cannot grant relief simply because "we disagree with the state court's decision or because we would have reached a different result." *Id.* We may only grant relief if "the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id.* (quoting *Hackett v. Price*, 381 F.3d 281, 287 (3d Cir. 2004)). But, a state court decision is not contrary to clearly established law because it failed to cite applicable Supreme Court precedent. *Mitchell v. Esparza*, 540 U.S. 12, 16, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003). Instead, we focus on whether the state court's reasoning or the result contradicts applicable precedent. *Id.*

### C. Ground One – Criminal Information

Petitioner contends that he is actually innocent of the crimes listed in the criminal information. He claims that he was never found guilty of robbing the Crown station as charged in the criminal information because he was never charged with robbing Ernest Spayd, a manager at said station. He claims the criminal information was defective because it only listed the Crown station as a victim and not Spayd. Essentially, the Petitioner is challenging the sufficiency of the criminal information, and we will construe this ground for relief as such. The Respondent argues that the criminal information was sufficient to alert the Petitioner of the nature of the offenses and to prepare a proper defense.

The Sixth Amendment and the Due Process Clause of the Fourteenth Amendment guarantees an accused the right to be informed of the nature and charges against him in order to prepare for his defense. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525 (1975); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979). However, it is well settled that presentment or indictment by a grand jury is not required by the Due Process clause of the Fourteenth Amendment. *Hurtado v. California*, 110 U.S. 516, 4 S.Ct. 111 (1884); *See also Alexander v. Louisiana*, 405 U.S. 625, 333, 92 S.Ct. 1221 (1972)("Although the Due Process Clause guarantees petitioner a fair trial, it does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury."). Therefore, in a state that allows for the filing of criminal charges by information, the information must give notice to a defendant of the nature and charges against him in order for him to prepare a defense. *Bae v. Peters*, 950 F.2d 469,

478 (7th Cir. 1991)(No matter how a state chooses to charge a defendant, due process only requires that a criminal defendant be given notice of the offense with which he is charged, in order for him to adequately prepare a defense.).

Article I, Section 10 of the Pennsylvania Constitution allows for the initiation of criminal proceedings by information filed in the court of common pleas. P.A. Const. art. I, § 10; *See also Commonwealth v. Webster*, 337 A.2d 914 (Pa. 1975). In this case, a criminal information was filed by the District Attorney of York County, Pennsylvania.

Here, the record clearly shows that the criminal information filed by the Commonwealth gave the Petitioner notice of the robbery and conspiracy charges against him and provided him sufficient notice to prepare a defense. It was not required that the Crown station employee (Spayd) be identified in the information. We will, therefore, deny this ground for relief.

### D. Ground Two – Jury Instructions

Next, Petitioner argues that the trial court improperly instructed the jury that evidence of a shooting was admitted because it was logically connected to the robbery of the crown station. He also argues that the trial court instructed the jury that "if they find the petitioner was present at the shooting of the officer, [sic] that they should also find him guilty or involved in the robbery" of the crown station. Br. In Supp. at 3.

The trial court instructed the jury that "Mr. Gould is not charged with the shooting of Officer Tschopp...you may not infer any guilty to Mr. Gould regarding the robberies as a result of that shooting." Transcript of Jury Instructions at 13. The trial

court further indicated that the events "fit together in some logical fashion, so it is corroborative of what events, who was in the car and what occurred at that scene, but you may not use that for purposes, nor hold it against Mr. Gould, the fact that an officer was shot." *Id.* at 14. The trial court concluded stating that the jury "may not infer anything adverse to [the Petitioner] as a result of that shooting of the officer, it explains, and it would have been urged, it would have been next to impossible to leave that out and not have you become confused about the events that followed, the efforts to locate, the eventual apprehensions, so that is the sole purpose in allowing evidence" of the shooting episode. *Id.* at 14-15.

First, there is no support in the record for Petitioner's contention that the trial court instructed the jury that if they found him present at the scene of the shooting that they must find him guilty of the robbery. Second, the Superior Court thoroughly addressed the admissibility of the evidence surrounding the shooting. We find no colorable claim for a violation of the Constitution, laws or treaties of the United States and we will deny this ground for relief.

    *E.    Ground Three and Four – Relitigating Evidence/Double* Jeopardy

Petitioner's third and fourth grounds for relief appear to conflate issues of double jeopardy, collateral estoppel and sufficiency of the criminal information. As we have dealt with the issue of the criminal information, we will address the Petitioner's remaining arguments.

The Petitioner argues that the doctrines of double jeopardy and collateral estoppel bar his reprosecution for the offenses of robbery and criminal conspiracy, as his first conviction was reversed by the Superior Court. *See* Respondent's Ex. C. On appeal from his second conviction, the Superior Court ruled his arguments were without merit. We agree. The Petitioner fundamentally misunderstands the legal principles of collateral estoppel and double jeopardy. Petitioner's first conviction was overturned because of a defective waiver of counsel. As the Superior Court concluded, this reversal does not prevent the Commonwealth from retrying the case. We will, therefore, deny these grounds for relief.

### F. Ground Five – Selective and Vindictive Prosecution

Gould's fifth claim asserts that the "attorney for the Common. [sic] practiced selective and vindictive prosecution, In [sic] that the petitioner and co-defendants...were all charged with and bound over for the same offenses, yet [co-defendant] charges were completely dropped, because petitioner chose to assert his right to trial." (doc. 1 at 12). We will liberally construe this claim as asserting selective prosecution in violation of Petitioner's constitutional rights.

In our system of justice, prosecutors have broad discretion as to whom to prosecute, so long as probable cause exists that an accused committed an offense defined by statute. *Wayte v. United States*, 470 U.S. 598, 607, 105 S.Ct. 1524 (1985). A prosecutor may base charges upon the penalties available after a conviction. *United States v. Batchelder,* 442 U.S. 114, 125, 99 S.Ct. 2198 (1979). This discretion, however,

is not unfettered. *Wayte*, 470 U.S. at 608. A prosecutor's decisions are subject to constitutional restraints. *Id.* "In particular, the decision to prosecute may not be 'deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'" *Id.* (citations omitted). In order for the Petitioner to be successful in his claim, he must show both that the "passive enforcement system had a discriminatory effect and that it was motivated by a discriminatory purpose." *Id.*

The Superior Court, although not citing Supreme Court precedent, correctly applied the appropriate standard when it denied this ground for relief. The court stated:

> [Petitioner] has failed to establish that the Commonwealth's decision to drop the most serious charges against [the co-defendant] was based on impermissible grounds such as race, religion, or the exercise of a constitutional right. The district attorney's office offered...leniency in exchange for...testimony against...[the Petitioner], which is a permissible use of prosecutorial authority.

The Petitioner has failed to meet his burden showing that the York County District Attorney engaged in selective prosecution and this ground for relief will be denied.

### G. Ground Six – Denial of Appeal Counsel

Petitioner claims that he was denied his right to counsel on appeal. Specifically, the Petitioner claims that he never made a knowing waiver of his right to counsel.

It is well settled that the Sixth Amendment guarantees a defendant's right to counsel for his defense, and his right to refuse counsel and represent himself. *United States v. Jones*, 452 F.3d 223, 228 (3d Cir. 2006)(citing *Faretta*, 422 U.S. at 814, 820). It

is also well established that the right to counsel may be waived by a criminal defendant, so long as the waiver of the right is voluntary, knowing and intelligent. *Montejo v. Louisiana,* ___U.S.___, 129 S.Ct. 2079, 2085 (2009).

A trial court bears the responsibility of conducting a penetrating inquiry to satisfy itself that a waiver of counsel is voluntary, knowing and intelligent. *See Jones*, 452 F.3d at 228. The purpose of the inquiry is to establish that the defendant: "(1) has 'clearly and unequivocally' asserted his desire to represent himself; (2) 'understands the nature of the charges, the range of possible punishments, potential defenses, technical problems that [he] may encounter, and any other facts important to a general understanding of the risks involved'; and (3) is competent to stand trial." *Id.* at 228-29 (citations omitted).

On review, we find that the Superior Court's conclusion that the Petitioner's waiver of his right to counsel was knowingly, voluntarily and intelligently entered is supported by the record. The record indicates that the trial court conducted a thorough and penetrating colloquy into Petitioner's intention to waive counsel. Furthermore, the record indicates that at no time during his state proceedings did the Petitioner attempt to revoke his waiver of counsel. Therefore, we find that the Superior Court appropriately applied existing Supreme Court precedent. Thus, we will deny this ground for relief.

*IV.     Certificate of Appealability*

We will also deny a certificate of appealability, based on the analysis in this Memorandum. However, Gould is advised that he has the right for thirty (30) days to appeal our order denying his § 2254 motion, *see* Federal Rule of Appellate Procedure 4, and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals, s*ee* 28 U.S.C. § 2253.

We will issue an appropriate order.

                                              /s/William W. Caldwell
                                              William W. Caldwell
                                              United States District Judge

Date: May 17, 2010

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY L. GOULD, JR., :
:
   Petitioner :
: CIVIL NO. 1:CV-08-1381
   vs. :
: (Judge Caldwell)
SUPER BRONE, et al., :
:
   Respondents. :

*O R D E R*

AND NOW, this 17th day of May, 2010, upon consideration of Defendant's motion under 28 U.S.C. § 2254 (doc. 1), and pursuant to the accompanying Memorandum, it is ordered that:

    1. Defendant's § 2254 motion is denied.

    2. A certificate of appealability is denied.

    3. The Clerk of Court shall close this file.

                                      /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge